# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JAMES EDWARD GOODEN,

    Plaintiff,

vs.                                                 No. CV 17- 1093 JCH/KK

WARDEN BETTY JUDD,
NEW MEXICO DEPARTMENT OF CORRECTION,
CORE CIVIC aka CCA, and ALL OTHERS,
    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the Complaint for Violation of Civil Rights filed by Plaintiff James Edward Gooden (Doc. 1). The Court will dismiss the Complaint without prejudice for failure to comply with Court orders and failure to prosecute.

Plaintiff Gooden filed his civil rights Complaint on November 3, 2017. (Doc. 1). Gooden did not pay the filing fee or submit an application to proceed *in forma pauperis* under 28 U.S.C. § 1915 at the time he instituted this proceed. On March 12, 2018, the Court entered an Order to Cure Deficiency, ordering Gooden to either pay the filing fee or submit a § 1915 application to proceed "including a certified copy of the plaintiff's inmate account statement for the 6-month period immediately preceding this filing." (Doc. 3 at 1). The Order also directed the Clerk to provide Gooden with a form application to proceed and notified Gooden that, if he failed to comply with the Court's Order, the case could be dismissed without further notice. (Doc. 3).

Gooden submitted an Application to Proceed in the District Court Without Prepaying Fees or Costs on the form supplied by the Court. (Doc. 4). That form expressly stated "if you

1

are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts." (Doc. 4 at 2). Despite the language in the Court's March 12, 2018 Order and in the form Application to Proceed, Gooden did not submit a copy of his 6-month inmate account statement with the Application. On March 22, 2018, the Court entered its Second Order to Cure Deficiency. (Doc. 5). The Second Order to Cure Deficiency ordered Gooden to submit the required 6-month inmate account statement within 30 days of entry of the Order. (Doc. 5 at 1). The Order also notified Gooden that, if he failed to comply with the Order, the case could be dismissed without further notice. (Doc. 5).

>Section 1915(b) provides:
>
>"A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), ***shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint*** or notice of appeal. . ."

28 U.S.C. § 1915(a)(2) (emphasis added). Gooden has not submitted the required account statement and has not responded to the March 22, 2018 Second Order to Cure Deficiency.

The Court has entered two Orders directing Gooden to submit the required account statement. The Court also takes notice that Gooden has filed a previous proceeding in this Court, in which he demonstrated an understanding of and ability to comply with the § 1915(b) requirements. *See* No. CV 16-00934 JB/SCY, Doc. 5. More than 30 days has elapsed since entry of the Court's March 22, 2018 Order and Gooden has not submitted the 6-month inmate account statement or responded, in any way, to the Court's Order.

Pro se litigants are required to follow the federal statutes, rules of procedure, and simple, nonburdensome local rules. *See Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980).

Plaintiff Gooden has failed to comply with Court orders and failed to prosecute this action by not submitting the 6-month inmate account statement required by 28 U.S.C. § 1915(b). The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Orders and failure to prosecute this proceeding.

**IT IS THEREFORE ORDERED**

(1) Application to Proceed in the District Court Without Prepaying Fees or Costs filed by Plaintiff James Edward Gooden (Doc. 4) is **DENIED**; and

(2) the Complaint for Violation of Civil Rights filed by Plaintiff James Edward Gooden (Doc. 1) is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with Court orders and failure to prosecute.

UNITED STATES DISTRICT JUDGE